**UNITED STATES of America,**
**Plaintiff Appellee,**

v.

**Nelson COLON; Carlos Ernesto Guzman; Robinson Martinez, aka Light Skin; Damien Polanco; Adan Luciano, aka "Classy"; Wilfredo Martinez, aka "Freddy"; Jorge Inostroz, aka "Mexico"; Sandra Carter; Julian Anthony Mirabel; John Hernandez; Carlos Lopez, aka "Carlos Hidalgo"; Lenny Hernandez; William Cruz, Defendants,**

**Nelson Garcia, aka "Johnny",**
**Defendant–Appellant.**

**Docket No. 01–1555.**

United States Court of Appeals,
Second Circuit.

June 21, 2002.

Jorge Guttlein, Esq., Aranda & Guttlein
New York, NY, for Defendant–Appellant.

Edward C. O'Callaghan, Laura Grossfield Birger, Assistant United States Attorneys, New York, NY, for Respondent–Appellee.

Present OAKES, KATZMANN, Circuit Judges, MURTHA,* District Judge.

Defendant Nelson Garcia appeals from a judgment of conviction entered on November 13, 2001 in the United States District Court for the Southern District of New York. On November 28, 2000, Garcia pleaded guilty to Counts One through Seven of a ten-count indictment that charged him, along with twelve co-defendants, with intent to distribute more than 50 grams of cocaine base, in violation of Title 21, United States Code, Section 846. Counts Two through Seven charged Garcia and other co-defendants with possession with intent to distribute specific amounts of cocaine and cocaine base on various dates, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C). Garcia was not named in Counts Eight, Nine, and Ten of the indictment. On October 25, 2001, the Honorable Barbara S. Jones, United States District Judge, sentenced Garcia to 135 months' imprisonment, to be followed by five years' supervised release, and $700 in special assessments.

* The Honorable J. Garvan Murtha, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

At sentencing, Garcia received a two-point reduction pursuant to U.S.S.G. § 2D1.1(b)(6) for satisfying the requirements of the "safety valve" provision, U.S.S.G. § 5C1.2, and a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b)(2). After hearing oral argument, however, Judge Jones refused to grant Garcia's request for a downward departure based on his diminished mental capacity at the time of the offense and his further request for a downward adjustment based on his minor role in the offense. On appeal, Garcia contests only the district court's denial of the minor role adjustment.

Garcia argues that the district court did not consider "his below average intelligence and impoverished thinking process" in determining whether he deserved the minor role adjustment. He further argues that, had the district court examined this issue, it would have concluded that he was particularly vulnerable to exploitation by the leaders of the drug conspiracy and therefore was less culpable than others. Garcia contends that he simply "did as he was told." We find Garcia's arguments unavailing.

We review a district court's finding as to the defendant's role in the offense for clear error See, e.g., United States v. Castano, 234 F.3d 111, 113 (2d Cir.2000). In this case, the district court's conclusion that defendant did not play a minor role in the offense cannot be considered clearly erroneous. It is uncontested that Garcia worked for the drug conspiracy as a "scaler" who was responsible for measuring and preparing orders of cocaine and cocaine base for customers on a daily basis. Garcia also delivered drugs to customers either directly or using other members of the conspiracy. He received payment, kept records of transactions, placed the proceeds in a safebox and then delivered the money to his superior or his superior's designees. Furthermore, Garcia regularly sold cocaine and cocaine base and possessed substantial quantities of these drugs on the day he was arrested. For his services, defendant received $1000 to $1,200 per week. It is thus evident that defendant did not play a "minor" role in the offense, but was entrusted by the leaders of the conspiracy with important functions such as distributing drugs and safeguarding the proceeds of drug sales. See, e.g., United States v. Adames, 901 F.2d 11, 13 (2d Cir.1990) (finding no clear error in denial of a minor role adjustment where defendant "negotiated the purchase of the heroin and attempted to carry out the transaction"); United States v. Garcia, 920 F.2d 153, 154–55 (2d Cir.1990) (per curiam) (affirming denial of minor role adjustment where defendant was merely a drug courier).

Moreover, it is clear that the district court *did* consider defendant's intelligence when making its determination as to his role in the offense. The district court explained that defendant's significant role in the conspiracy, and his evident position of trust, "cut against any notion that he was operating under any sort of diminished, significantly diminished mental capacity." (A.92). Similarly, the district court found no link between defendant's mental capacity and "the offense that he has admitted to having committed here and has been convicted of." (A.91). Thus, the district court considered the impact of defendant's supposed below-average intelligence on his relative role in the offense and we find no clear error in the district court's resulting determination that defendant failed to show that he was substantially less culpable than his co-defendants or the average participant in the conspiracy. Defendant's ability to fulfill substantial responsibilities in the drug enterprise indicates that he was fully aware of the nature and extent of the conspiracy.

Finally, the mere fact that defendant took orders from superiors in the conspiracy does not, standing alone, justify a minor role adjustment. *See United States v. Lopez*, 937 F.2d 716, 728 (2d Cir.1991) ("The intent of the Guidelines is not to 'reward' a guilty defendant with an adjustment merely because his coconspirators were even more culpable.").

We have considered all of defendant's remaining arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.